F I L E D
CLERK, U.S. DISTRICT COURT
7/20/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RAM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:22-CR-00173-SVW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 922(g)(1), 924(e)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| RUDY JUNIOR RODRIGUEZ, SR., | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. §§ 922(g)(1), 924(e)(1)]

On or about February 21, 2022, in Riverside County, within the Central District of California, defendant RUDY JUNIOR RODRIGUEZ, SR. knowingly possessed the following ammunition, loaded into a 9mm caliber handgun, constructed out of a Polymer 80 frame, and Glock slide and barrel, bearing no legitimate serial number (also known as a "ghost gun"), in and affecting interstate and foreign commerce:

1. one round of Liao Yuan Machinery Works 9mm ammunition;
2. one round of Federal 9mm ammunition;
3. one round of L-Tech Enterprises, Inc. 9mm ammunition; and
4. three rounds of RUAG Ammotec 9mm ammunition.

Defendant RODRIGUEZ possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Lassen, case number CH026866, on or about September 24, 2009;

2. Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Riverside, case number SWF026169, on or about July 31, 2008;

3. Attempted Murder, in violation of California Penal Code Sections 664 and 187, in the Superior Court of the State of California, County of Riverside, case number SWF023930, on or about July 11, 2008; and

4. Possession of Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, case number SWF023971, on or about December 5, 2007.

Such possession occurred after defendant RODRIGUEZ had been convicted of the following violent felonies, as defined in Title 18, United States Code, Section 924(e)(2)(B), which were committed on occasions different from one another:

1. Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Lassen, case number CH026866, on or about September 24, 2009;

2. Assault with Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Riverside, case number SWF026169, on or about July 31, 2008; and

3. Attempted Murder, in violation of California Penal Code Sections 664 and 187, in the Superior Court of the State of California, County of Riverside, case number SWF023930, on or about July 11, 2008.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in the sole count of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

    i. a 9mm caliber handgun, constructed out of a Polymer 80 frame, and Glock slide and barrel, bearing no legitimate serial number (also known as a "ghost gun");

    ii. one round of Liao Yuan Machinery Works 9mm ammunition;

    iii. one round of Federal 9mm ammunition;

    iv. one round of L-Tech Enterprises, Inc. 9mm ammunition; and

    v. three rounds of RUAG Ammotec 9mm ammunition;

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to

the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney



SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office